UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

JEANEE LOUISE OVERTON,

       **Plaintiff,**

v.                                           **CIVIL ACTION 2:15-cv-12147**

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

       **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before this Court is Plaintiff's Brief in Support of Motion for Judgment on the Pleadings (ECF No. 7) and Brief in Support of Defendant's Decision (ECF No. 8).

Background

Jeanne Louise Overton, Claimant, protectively applied for Disability Insurance Benefits (DIB) under Title II of the Social Security Act on May 2, 2012, alleging disability beginning on August 15, 2005.[1]  Claimant's application was denied initially on July 6, 2012, and upon request for reconsideration on October 15, 2012.  Claimant filed a written request for a hearing on October 25, 2012.  Claimant appeared and testified at a hearing before an Administrative Law Judge (ALJ) on January 29, 2014.  In the Decision dated February 7, 2014, the ALJ held that Claimant was not disabled under sections 216(i) and 223(d) of the Social Security Act.  On April 18, 2014, Claimant filed a Request for Review of the hearing decision by the Appeals Council (AC) because the ALJ's decision was contrary to the medical evidence and regulations (Tr. at 85).  On June 15, 2015, the Appeals Council denied Claimant's request for review (Tr. at 1-6).  The Appeals Council stated

---

[1] At the hearing, Claimant amended the alleged onset date to September 16, 2010.

that it considered Claimant's reasons for disagreeing with the decision and the additional evidence

that was submitted (Tr. at 1-2).  Concerning the additional evidence, the Appeals Council (AC)

stated:

> We also looked at medical records from St. Francis Hospital dated
> February 8-August 1, 2012 (36 pages); and from CMAC Teays
> Valley dated August 1, 2012 to June 19, 2013 (42 pages).  The
> Administrative Law Judge decided your case through December 31,
> 2011, the date you were last insured for disability benefits.  This new
> information is about a later time.  Therefore, it does not affect the
> decision about whether you were disabled at the time you were last
> insured for disability benefits (Tr. at 2).

The Appeals Council "found that this information does not provide a basis for changing the

Administrative Law Judge's decision." (*Id.*)  Thereafter, Claimant brought the present action

requesting this Court review the decision of the Defendant and that upon review, it "remand in

order that the Commissioner may correct the errors" (ECF No. 7).

## Standard of Review

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a

disability.  *See Blalock v. Richardson*, 483 F.2d 773, 774 (4th Cir. 1972).  A disability is defined

as the "inability to engage in any substantial gainful activity by reason of any medically

determinable impairment which can be expected to last for a continuous period of not less than 12

months . . . ."  42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of

disability claims.  20 C.F.R. § 404.1520 (2015).  If an individual is found "not disabled" at any

step, further inquiry is unnecessary.  *Id.* § 404.1520(a).  The first inquiry under the sequence is

whether a claimant is currently engaged in substantial gainful employment.  *Id.* § 404.1520(b).  If

the claimant is not, the second inquiry is whether claimant suffers from a severe impairment.  *Id.*

§ 404.1520(c).  If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4.  *Id.* § 404.1520(d).  If it does, the claimant is found disabled and awarded benefits.  *Id.*  If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work.  *Id.* § 404.1520(e).  By satisfying inquiry four, the claimant establishes a *prima facie* case of disability.  *Hall v. Harris,* 658 F.2d 260, 264 (4th Cir. 1981).  The burden then shifts to the Commissioner, *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience.  20 C.F.R. § 404.1520(f) (2015).  The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. *McLamore v. Weinberger*, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because she has not engaged in substantial gainful activity during the period from her amended alleged onset date of September 16, 2010, through her date last insured (DLI) of December 31, 2011 (ECF No. 92).  At the second inquiry, the ALJ held that "Through the date last insured, there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment."  (*Id.*)  The ALJ held that there was not a disability at any time from September 16, 2010, through December 31, 2011, and denied Claimant's application for a period of disability and DIB (Tr. at 93).

3

<u>Scope of Review</u>

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In *Blalock v. Richardson*, substantial evidence was defined as

> Evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence. *Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner in this case is not supported by substantial evidence.

<u>The Medical Record</u>

The Court will discuss *infra* relevant medical record findings asserted by Claimant and by Defendant.

<u>Claimant's Challenges to the Commissioner's Decision</u>

Claimant argues that the ALJ erred by failing to give retrospective consideration to the medical evidence created after Claimant's date of last insured (ECF No. 7). Claimant asserts that the medical evidence created after Claimant's DLI relates back to the evidence that was cited by

4

the ALJ in his decision.  Claimant argues that the ALJ erred by failing to obtain an updated medical opinion when additional medical evidence was received that could modify the opinion of the State agency medical expert that the ALJ gave "substantial weight."  (*Id.*)  Defendant asserts that substantial evidence supports the ALJ's finding that Claimant was not disabled because she did not have a medically determinable impairment that manifested itself prior to December 31, 2011, her date last insured (ECF No. 8).  Defendant avers that the ALJ was not required to obtain an updated state agency medical expert opinion regarding the step-two finding.

<u>Discussion</u>

The ALJ's four page decision[2] contained the following discussion of Claimant's alleged medical impairments and symptoms.

> No symptom or combinations of symptoms by itself can constitute a medically determinable impairment.  In claims in which there are not medical signs or laboratory findings to substantiate the existence of a medically determinable physical or mental impairment, the individual must be found not disabled at step 2 of the sequential evaluation process (SSR 96-4p).

> The claimant alleges an inability to work due to chronic pain and a decreased capacity for physical activity.  She testified to scoliosis in the back, causing pain and limitations, since and prior to the amended alleged onset date.

> The only evidence in the record for the period of September 16, 2010, the amended alleged onset date, to December 31, 2011, the date last insured, is treatment records from Valley Health Systems. A note dated March 30, 2011, notes the claimant's conditions as hypertension, hyperlipidemia, anxiety and depression, with no mention of any musculoskeletal problem.  In fact, on exam her extremities showed no edema, cyanosis or clubbing (Exhibit 2F, pp. 5 and 8).  On December 13, 2011, she was first seen with complaint of low back pain and left knee pain.  The claimant reported this resulted from a fall she had several weeks previously.  She did advise a history of scoliosis diagnosed several years ago; however,

---

[2] Page five of the decision only contained the ALJ's signature and the decision date (Tr. at 94).

she stated she had been using medications on and off without any problems until her recent fall (Exhibit 2F, p.1). I find that the evidence is insufficient to establish the existence of any severe impairment prior to the date last insured.

I considered the Residual Physical Functional Capacity Assessment completed by Uma Reddy, M.D., a non-examining State agency consultant, in September 2012. Among the evidence Dr. Reddy considered was an imaging study from April 2012, which is after the date last insured (Exhibit 1F). Dr. Reddy opined there is insufficient evidence to evaluate the claim (Exhibit 3A). I give this opinion substantial weight based on Dr. Reddy's program knowledge and her consistency with the medical evidence of record.

Accordingly, there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment through the date last insured (Tr. at 93).

The ALJ's decision did not mention or discuss any other evidence or testimony. The Appeals Council denied Claimant's request for review of the ALJ's decision stating the following:

In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council. We considered whether the Administrative Law Judge's action, findings or conclusion is contrary to the weight of the evidence of record. We found this information does not provide a basis for changing the Administrative Law Judge's decision. (Tr. at 1-3).

<u>Discussion</u>

Additional evidence will be considered by the Appeals Council if it is new and material and relates to the period on or before the ALJ hearing decision. See 20 C.F.R. §§ 404.970(b) and 416.1470(b). SSA has issued HALLEX 1-3-3-6 to clarify when additional evidence is new and material. According to the HALLEX, this means the evidence is:

1. Not part of the record as of the date of the ALJ decision;
2. Relevant, i.e., involves or is directly related to issues adjudicated by the ALJ; and
3. Relates to the period on or before the date of the hearing decision, meaning

> it is (a) dated before or on the date of the hearing decision, or (b) postdates
> the hearing decision but is reasonably related to the time period adjudicated
> at the hearing.

New evidence, which is first submitted to the Appeals Council, is part of the record which goes to the district court for review.  This is true whether the Appeals Council reviews the case or not. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 44 Soc. Sec. Rep. Serv. 248, Unempl. Ins. Rep. (CCH) (11th Cir. 1994).

It is not the role of the Court to search for evidence and articulate for the ALJ's decision which the ALJ himself did not articulate.  *See Rhinehardt v. Colvin*, No. 4:12-CV-101-D, 2013 U.S. Dist. LEXIS 75948, 2013 WL 2382303, *2 (E.D.N.C. May 30, 2013) (citation omitted) ("If the ALJ fails to explain why an impairment does not meet the listing criteria, the decision is deficient."); *Tanner v. Astrue*, C/A No. 2:10-1750-JFA, 2011 U.S. Dist. LEXIS 105731, 2011 WL 4368547, *4 (D.S.C. Sept. 19, 2011) (stating "if the ALJ did not rationally articulate grounds for her decision, this court is not authorized to plumb the record to determine reasons not furnished by the ALJ").  In *Radford v. Colvin*, 734 F.3d 288 (4th Cir. 2013), the Fourth Circuit stated that a necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. "If the reviewing court has no way of evaluating the basis for the ALJ's decision, then 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'"  *Id.* (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744, 105 S. Ct. 1598, 84 L. Ed 2d 643 (1985)).

While the ALJ is required to weigh the relevant medical opinions, he "need not discuss every shred of evidence in the record," and is under no duty to explicitly refer to each exhibit. *Reynolds v. Colvin*, 2014 WL 2852242, at *21 (S.D. W.Va. Aug 19, 2014), *adopted by* 2014 WL 4852250 (S.D. W.Va. September 29, 2014; *McGrady v. Astrue*, 2011 WL 4828884, at *20 (N.D.

7

W.Va. September 16, 2011) (quoting *Mays v. Barnhart,* 227 F. Supp. 2d 443, 448 (E.D. Pa. 2002), *aff'd* 78 F. App'x 808 (3d Cir. Oct. 27, 2003)) ("[t]he ALJ is not required to give an exhaustive discussion of all the exhibits.  'Consideration of all the evidence does not mean that the ALJ must explicitly refer to each and every exhibit in the record.'").

Jenifer Hadley, D.O., stated in progress notes dated September 18, 2011, that Claimant was experiencing low back pain (Tr. at 316).  Progress notes dated December 13, 2011, state "x-rayed lumbar spine, scoliosis AP & lt knee"[3] (Tr. at 316).  Treatment records dated December 14, 2011, reflect that Claimant was seen by Dr. Hadley with chief complaints of "Low back pain, history of scoliosis, left knee pain and anxiety" (Tr. at 313-314).  Claimant's visit was a follow-up after she fell "several weeks ago on an uneven surface."  (*Id.*)  The progress notes state that a referral was faxed to "Bone and Joint" (Tr. at 316).

Progress notes dated December 30, 2011, state that Claimant was notified of a scheduled appointment with John P. Pierson, M.D.. (*Id.*   On January 1, 2012, progress notes stated that Claimant was referred to the Saint Francis Pain Center.  (*Id.*)  Claimant was seen by Dr. Pierson at Saint Francis Hospital on February 7, 2012, with complaints of "Chronic low back pain with left hip and leg pain, pain entire left knee" (Tr. at 367).  An MRI without contrast was performed on Claimant's left knee.  The exam's impression reported small joint effusion, small Baker's cyst, chondromalacia patella and no meniscal tear.  (*Id.*) An MRI was performed on Claimant's lumbar spine due to chief complaints of:

> There is a severe scoliotic curvature convex to the left side.  The conus is at the L1 level.
>
> At L3-4, there is narrowing of the disc space with endplate reactive changes.  There is a diffuse disc bulge.  There is facet hypertrophy.

---

[3]  The progress notes did not elaborate.

At L4-5, there is a mild diffuse disc bulge. There is fact hypertrophy, most prominent on the left side with left foraminal narrowing. At. L5-S1, there is a mild diffuse disc bulge. No other significant findings are noted.

IMPRESSION:
1. Severe scoliotic curvature of the lumbar spine convex to the left side.
2. At L3-4, there is narrowing of the disc space with diffuse disc bulge.
3. At L4-5, there is a mild diffuse disc bulge. There is facet hypertrophy with mild narrowing of the left intervertebral foramen.
4. At L5-S1, there is a mild diffuse disc bulge. (Tr. at 368).

On September 24, 2012, Uma Reddy, M.D., a State agency medical consultant, completed a Disability Determination Explanation form based on her review of the following evidence of record: records from The Center for Pain Relief, Claimant's pain questionnaire; Claimant's functional report and medical records from the West Virginia Disability Determination Section (Tr. at 134-135). Dr. Reddy's case analysis stated there was "insufficient evidence to evaluate this DLI claim" (Tr. at 136). On October 5, 2012, Dr. Redding reported "There is new evidence in the folder since my evaluation on September 24, 2012, but not enough to do a complete assessment, hence the evaluation remains to be the same as done earlier" (Tr. at 136-138).

Dr. Reddy, M.D. completed the portion of the form for "Medically Determinable Impairments and Severity" and found that Claimant appears to have a medically determinable impairment (Tr. at 137). Claimant's impairment diagnosis was listed as a "Disorder of Back-Discogenic and Degenerative" (DDD). (*Id.*) Claimant's medically determinable impairment was reported as "severe" (Tr. at 137). Her impairment was considered under Listing 1.04 for Spine Disorders. (*Id.*) However, Dr. Reddy's assessment of Claimant's "symptoms and credulity" stated that there was "Insufficient evidence to evaluate the credibility for the DLI time." Dr. Reddy

9

reported that there was "no indication that there is medical or other opinion evidence" and "no indication that there is opinion evidence from any source." *(Id.)*

The new evidence submitted to the AC reveals that on February 7, 2012, approximately 5 weeks after Claimant's DLI, Claimant was diagnosed with severe scoliotic curvature of the lumbar spine convex to the left side, narrowing of the disc space with diffuse disc bulge at L3-4, a mild diffuse bulge and facet hypertrophy with mild narrowing of the left intervertebral foramen at L4-5, and a mild diffuse disc bulge at L5-S1 (Tr. at 368). Because the MRI conducted on February 7, 2012, and the resulting diagnosis above were very close in time to Claimant's DLI, it is conceivable that Claimant could have suffered from scoliosis, bulging discs and hip and knee pain during the relevant time period at issue before the ALJ and preceding his decision.

The Appeals Council must consider "new and material evidence" presented after the ALJ's decision "where it relates to the period on or before the date of the [ALJ's] decision." 20 C.F.R. §§ 404.970(b) and 416.1470(b). "If qualifying new evidence is presented, the Appeals Council must evaluate the entire record, including the new evidence. If it finds that the ALJ's decision is contrary to the weight of the evidence currently of record, it will then review the ALJ's decision. The Appeals Council may thereafter adopt, modify or reverse the ALJ's decision, or it may remand the case to the ALJ." *Ridings v. Apfel*, 76 F. Supp.2d 707, 709 (W.D. Va. 1999) (citing 20 C.F.R. §§ 404.970(b) and 404.979 (1999)).

This Court must review the record as a whole, including the new evidence, in order to determine if the Commissioner's decision is supported by substantial evidence. *Wilkins v. Secretary*, 953 F.2d 93, 96 (4th Cir. 1991). Although new evidence of the nature submitted by Claimant to the Appeals Council must "relate to the period on or before the date of the

administrative law judge hearing decision," 20 C.F.R. §§ 404.970(b) and 416.1470(b), "[t]his does not mean that the evidence had to have existed during that period. Rather, evidence must be considered if it has any bearing upon whether the Claimant was disabled during the relevant period of time." *Reichard v. Barnhart*, 285 F. Supp.2d 728, 733 (S.D. W. Va. 2003); *see also Wooldridge v. Bowen*, 816 F.2d 157, 160 (4th Cir. 1987) ("medical evaluations made subsequent to the expiration of a claimant's insured status are not automatically barred from consideration and may be relevant to prove a previous disability").

When read in combination with the applicable regulation, *Wilkins v. Secretary, 953 F.2d 93 (4th Cir. 1991),* reveals that a claimant need not show good cause when submitting new evidence to the Appeals Council:

> A claimant seeking a remand on the basis of new evidence under 42 U.S.C.A. § 405(g) (West 1983) must show that the evidence is new and material and must establish good cause for failing to present the evidence earlier. There is no requirement that a claimant show good cause when seeking to present new evidence before the Appeals Council.

*Wilkins*, 953 F.2d at 96 n.3; *see also* 20 C.F.R. § 416.1471(b) (2014). Instead, "[t]he Appeals Council must consider evidence submitted with the request for review in deciding whether to grant review 'if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision.'" *Wilkins*, 953 F.2d at 95-96 (quoting *Williams,* 905 F.2d at 216.) Evidence is new "if it is not duplicative or cumulative." *Id.* at 96 (citing *Williams*, 905 F.2d at 216). "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." *Id.* (citing *Borders v. Heckler*, 777 F.2d 954, 956 (4th Cir. 1985)).

As this court previously has recognized: "Though the applicable regulations do not expressly address retrospective opinions, several circuits, including the Fourth Circuit, have

11

concluded that retrospective opinions may well be relevant to disability determinations and should not be disregarded solely on account of their retrospective character." *Bevans v. Colvin*, 2014 U.S. Dist. LEXIS 138757, *7 (S.D. W. Va. Sept. 30, 2014) referencing *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 340 (4th Cir. 2012).

The Fourth Circuit in *Bird* made clear that "[m]edical evaluations made after a claimant's insured status has expired are not automatically barred from consideration and may be relevant to prove a disability arising before the claimant's DLI." *Id.* at 340, citing *Wooldridge v. Bowen*, 816 F.2d 157, 160 (4th Cir. 1987). The *Bird* court further explained:

> In *Moore*[4], we recognized that evidence created after a claimant's DLI, which permits an inference of linkage between the claimant's post-DLI state of health and her pre-DLI condition, could be the "most cogent proof" of a claimant's pre-DLI disability. *Id.* [at 1226]. Accordingly, under our decisions in *Moore* and *Johnson*,[5] retrospective consideration of evidence is appropriate when "the record is not so persuasive as to rule out any linkage" of the final condition of the claimant with his earlier symptoms. *Bird,* at 41.

The additional evidence contains, among other records, an MRI dated February 7, 2012, which is new because it is not admitted as evidence on the record, sufficiently linked to conditions asserted by Claimant and documented by Dr. Hadley prior to Claimant's DLI and or directly related to issues adjudicated by the ALJ. Therefore, the undersigned respectfully suggests that the District Judge remand this matter for the ALJ to consider and determine the admissibility of the medical evidence created after Claimant's DLI.

Additionally, the undersigned recommends the District Judge remand this matter as a reviewing court cannot evaluate the basis for the ALJ's decision due to inconsistencies in the

---

[4]  *Moore v. Finch*, 418 F.2d 1224 (4th Cir. 1969).
[5]  *Johnson  v. Barnhart*, 434 F.3d 650 (4th Cir. 2005)

findings.  The ALJ gave substantial weight to Dr. Reddy's opinion which the ALJ's decision states included consideration of "an imaging study from April 2012," which chronologically, clearly occurred after Claimant's DLI and the date of the MRI with resulting diagnosis dated February 7, 2012" (Tr. at 93).  In doing so, Defendant contradicts its own position that medical records dated after Claimant's DLI are "about a later time" (Tr. at 2).

Even more confusing is the fact that Dr. Reddy did not list the imaging study performed on April 30, 2012,[6] as evidence she reviewed (Tr. at 136).  Therefore, it is unclear whether Dr. Reddy's opinion did or did not consider the imaging study performed on April 30, 2012.

This Court recommends that the District Judge find that the Defendant's confusingly inconsistent position on the consideration of medical evidence created after Claimant's DLI in this case is not supported by substantial evidence.  Additionally, the undersigned suggests the District Judge find that the Commissioner's decision leaves unclear whether Dr. Reddy, the only medical opinion given weight by the ALJ, considered an imaging study from April 2012 in forming her opinion.

<u>Conclusion</u>

For the reasons stated above, the undersigned respectfully recommends that the District Judge find that the ALJ's decision is not supported by substantial evidence.  The undersigned is hopeful that on remand, the ALJ will discuss whether the evidence created after Claimant's DLI should be given retrospective consideration.

For the reasons set forth above, it is hereby respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Plaintiff's Brief in Support of Judgment on the Pleadings (ECF

---

[6]  J. Bryson McCain, M.D., at CAMC Memorial Hospital, reviewed the imaging study performed on April 30, 2012, and reported "There is complex scoliosis of the thoracolumbar spine" (Tr. at 271).

13

No. 7), **DENY** the Commissioner's Brief in Support of the Defendant's Decision (ECF No. 8), **REVERSE** the final decision of the Commissioner and **REMAND** this case for further proceedings pursuant to sentence four of 42 § U.S.C. § 405(g) and **DISMISS** this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED** and a copy will be submitted to the Honorable Judge John T. Copenhaver, Jr.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge Copenhaver and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit a copy of the same to counsel of record.

Enter:  August 5, 2016

Dwane L. Tinsley
United States Magistrate Judge